**E-Filed 1/11/06**

NOT FOR CITATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EDWARD L. SCARFF, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | No. C 03-03394 JF (PVT)<br>　　　C 03-04829 JF (PVT)<br>　　　C 03-05871 JF (HRL)<br><br>MEMORANDUM OF INTENDED DISPOSITION |

　　　　On January 6, 2006, the Court heard oral argument with respect to five motions in the instant case: (1) Defendant Comerica Bank ("Comerica") moves for partial summary adjudication on the issue of damages; (2) Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Carol Barber ("Barber") move for summary judgment on Plaintiffs' third, fourth, sixth, ninth, eleventh, twelfth, and fourteenth claims; (3) Defendant Kelly Hvegholm ("Hvegholm") moves for summary judgment on Plaintiffs' third and fourth claims; (4) Defendants Intuit Inc. ("Intuit"), Computing Resources Inc. ("CRI"), and Lisa Ciccotti ("Ciccotti") move for summary judgment on Plaintiffs' third and fourth claims; Wells Fargo, Barber, and Hvegholm join in this motion; (5) Wells Fargo, Intuit, CRI, Barber, and Ciccotti move to exclude the expert

declarations of John Britt ("Britt"), Vicki Lambert ("Lambert"), and David Moore ("Moore"); Comerica joins in this motion as to the declarations of Britt and Moore.

At the hearing, the Court advised counsel that in light of the proximity of the trial date, it would set forth its intended disposition of the motions in a brief memorandum and issue a formal order setting forth its reasoning at a later date. Having reviewed the moving, opposing and reply briefs and the relevant portions of the evidentiary record, and having considered the arguments of counsel presented at the hearing, the Court intends to dispose of the pending motions as follows:

**1.    Comerica**

Comerica's motion for partial summary adjudication on the issue of damages will be denied. In light of the totality of the circumstances, a reasonable jury could find that Plaintiff Edward L. Scarff ("Scarff") did not have notice of facts that would have put a reasonable person on inquiry, and that he would not have discovered such facts through reasonable diligence.

**2.    Intuit and CRI**

The motion for summary judgment of Defendants Intuit and CRI on Plaintiffs' third claim, for secondary liability for fraud and deceit in connection with the "payroll scheme," and on the fourth claim, for secondary liability for conversion in connection with the "payroll scheme," will be granted on two grounds. First, Plaintiffs have not shown that they have any competent evidence that they were damaged by the alleged "payroll scheme." At oral argument, Plaintiffs represented that their interrogatory responses provide evidence of damages caused by the alleged "payroll scheme." However, Plaintiffs do not provide any written support for this representation in their opposition papers; Plaintiffs' interrogatories do not include or refer to any supporting documentary evidence; and, apart from the fact that it is not the Court's responsibility to comb the record for evidence, the Court is not readily able to find such evidence. Second, the doctrine of respondeat superior does not make Intuit or CRI vicariously liable for the actions of Hvegholm or Ciccotti, because these individuals, if they engaged in the alleged illegal conduct, acted outside the scope of their employment.

### 3. Hvegholm and Ciccotti

The motions for summary judgment of Defendants Hvegholm and Ciccotti on Plaintiffs' third claim, for secondary liability for fraud and deceit in connection with the "payroll scheme," and on the fourth claim, for secondary liability for conversion in connection with the "payroll scheme," will be granted. As stated above, Plaintiffs have not shown that they have any competent evidence that they were damaged by the alleged "payroll scheme."

### 4. Wells Fargo

The motion for summary judgment of Defendant Wells Fargo will be granted in part and denied in part.

a. *Claims three and four*. Wells Fargo's motion for summary judgment on Plaintiffs' third claim, for secondary liability for fraud and deceit in connection with the "payroll scheme," and on the fourth claim, for secondary liability for conversion in connection with the "payroll scheme," will be granted on two grounds. First, as stated above, Plaintiffs have not shown to the Court that they have any competent evidence that they were damaged by the alleged "payroll scheme." Second, the doctrine of respondeat superior does not make Wells Fargo liable for the alleged illegal conduct of employees of Intuit or CRI, the companies with whom Wells Fargo contracted to provide payroll services.

b. *Claim nine*. Wells Fargo's motion for summary judgment on Scarff's ninth claim, for fraud and deceit in connection with the alleged "credit line scheme," will be denied. Although in the Court's judgment the evidence for such an inference is not strong, Plaintiff has identified sufficient evidence from which a reasonable jury could infer that Barber, Wells Fargo's agent, had actual knowledge of the alleged "credit line scheme" and that this scheme was concealed from Plaintiff. Plaintiffs' inartful use of the term "constructive knowledge" in certain interrogatory responses does not change the probative value of the evidence supporting an inference of actual knowledge.

c. *Claim eleven*. Wells Fargo's motion for summary judgment on Scarff's eleventh claim, for negligence in connection with the alleged "credit line scheme," will be granted.

1  Despite the fact that an argument based on the account agreements was asserted expressly in
2  Defendants' brief, Scarff offers no substantive opposition to Wells Fargo's contention that the
3  account agreements bar this claim. Although Scarff might have successfully opposed this aspect
4  of the motion, the Court is not required to search for evidence that creates a genuine issue of fact
5  or to do its own legal research.

6     d. *Claim fourteen*. Wells Fargo's motion for summary judgment on Scarff and Nancy
7  Scarff's fourteenth claim, for slander of title, will be granted. Plaintiffs have not identified
8  sufficient evidence from which a reasonable jury could conclude that Wells Fargo recorded the
9  deed of trust on the Scarff residence with the requisite knowledge of falsity or disregard of the
10 truth. Additionally, assuming arguendo that Plaintiffs did properly allege a claim of slander of
11 title based on the foreclosure proceedings initiated by Wells Fargo, introduction of documents in
12 foreclosure proceedings is subject to the litigation privilege, which is absolute.

13    e. *Punitive damages*. Wells Fargo's motion for summary judgment on the issue of
14 punitive damages will be granted. Plaintiffs have not identified sufficient evidence from which a
15 reasonable jury could conclude that any officer, director, or managing agent of Wells Fargo had
16 advance knowledge and conscious disregard, authorization, ratification of the alleged "credit line
17 scheme" or was personally guilty of oppression, fraud, or malice.

18    f. *Pentoga*. Wells Fargo's motion for summary judgment on all claims brought by
19 Pentoga will be granted. The Pentoga partnership was dissolved at the time it was first named as
20 a party in the instant case, and thus it lacks the legal capacity to sue.

21    g. *Damages limited by statutes of limitation*. Wells Fargo's motion for summary
22 judgment on the issue of whether damages should be limited by the applicable statutes of
23 limitations will be denied for the reasons stated above with respect to Comerica.

24

25 **5.  Barber**
26    The motion for summary judgment of Defendant Barber will be granted in part and
27 denied in part.
28    a. *Claims three and four*. Barber's motion for summary judgment on Plaintiffs' third

4

claim, for secondary liability for fraud and deceit in connection with the "payroll scheme," and on the fourth claim, for secondary liability for conversion in connection with the "payroll scheme," will be granted on two grounds. First, as stated above, Plaintiffs have not shown that they have any competent evidence that they were damaged by the alleged "payroll scheme." Second, Plaintiffs have identified no evidence that Barber knew of or was involved in the alleged "payroll scheme."

   b. *Claim six*. Barber's motion for summary judgment on Plaintiffs' sixth claim, for violation of 12 U.S.C. § 503 and 18 U.S.C. § 215 in connection with the alleged "payroll scheme," will be granted. As stated above, Plaintiffs have not shown that they have any competent evidence that they were damaged by the alleged "payroll scheme."

   c. *Claim nine*. Barber's motion for summary judgment on Plaintiff Edward Scarff's ninth claim, for fraud and deceit in connection with the alleged "credit line scheme," will be denied for the reasons stated above with respect to Wells Fargo.

   d. *Claim eleven*. Barber's motion for summary judgment on Scarff's eleventh claim, for negligence in connection with the alleged "credit line scheme," will be granted for the reason stated above with respect to Wells Fargo.

   e. *Claim twelve*. Barber's motion for summary judgment on Plaintiffs' sixth claim, for violation of 12 U.S.C. § 503 and 18 U.S.C. § 215 in connection with the alleged "credit line scheme," will be denied. Although in the Court's judgment the evidence for such an inference is not strong, Plaintiff has identified sufficient evidence from which a reasonable jury could infer that Barber had actual knowledge of and participation in the alleged "credit line scheme."

   f. *Pentoga*. Barber's motion for summary judgment on all claims brought by Pentoga will be granted for the reason stated above with respect to Wells Fargo.

   g. *Damages limited by statutes of limitation*. Barber's motion for summary judgment on the issue of whether damages should be limited by the applicable statutes of limitations will be denied for the reasons stated above with respect to Comerica.

### 6. Expert declarations

The motions to exclude the expert declarations of Britt, Lambert, and Moore will be granted in part and denied in part.

a. *Britt*.  The Court will exclude the Britt declaration for purposes of Wells Fargo's and Barber's motions for summary judgment.  Plaintiffs have not demonstrated that their late disclosure was substantially justified or harmless.  The Court will not exclude the Britt declaration at trial.  If Defendants believe that admission of the Britt declaration at trial will cause them prejudice, Defendants may move for a postponement of the trial date so that they may conduct further discovery with regard to the declaration.

b. *Lambert*.  The Court will not exclude the Lambert declaration because it applies only to the alleged "payroll scheme," as to which the Court has indicated that it intends to grant summary judgment in favor of all Defendants.

c. *Moore*.  The Court will not exclude the Moore declaration, either for purposes of Wells Fargo's and Barber's motions or at trial, because the late submission is harmless.  Moreover, at oral argument, Defendants represented to the Court that the Moore declaration is not of concern to them.  However, pursuant to Plaintiffs' representations, the Moore declaration will be deemed a final, rather than a "preliminary," declaration.

### 7. Trial date

If, having considered the Court's intended dispositions of the instant motions, any party wishes to seek postponement of the trial date, that party shall make an appropriate motion by January 18, 2006.

Dated: January 11, 2006

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

| | | |
|---|---|---|
| 1 | This Order has been served upon the following persons: | |
| 2 | Rebecca M. Archer | EfilingRMA@cpdb.com, rmg@cpdb.com |
| 3 | Jonathan R. Bass | EfilingJRB@cpdb.com, mjc@cpdb.com |
| 4 | William Bates , III | bill.bates@bingham.com |
| 5 | Geoffrey Scott Beckham | geoff.beckham@bingham.com, |
| 6 | Carolyn Chang | cchang@fenwick.com, vschmitt@fenwick.com |
| 7 | A. Marisa Chun | EfilingAMC@cpdb.com, pjd@cpdb.com |
| 8 | Joseph W. Cotchett | plee@cpsmlaw.com, |
| 9 | Joseph N. Demko | JND@JMBM.com, eap@jmbm.com |
| 10 | John W. Easterbrook | jwe@hopkinscarley.com, dgraff@hopkinscarley.com |
| 11 | Gilbert Eisenberg | g.eisenberg@sbcglobal.net, |
| 12 | William Henry Gavin | gavin@gclitigation.com, |
| 13 | Philip L. Gregory | pgregory@cpsmlaw.com, jacosta@cpsmlaw.com |
| 14 | Alan F. Hunter | hunter@gclitigation.com, |
| 15 | Susan K. Jamison | EfilingSKJ@cpdb.com, aaa@cpdb.com |
| 16 | William S. Klein | bklein@hopkinscarley.com, ttellez@hopkinscarley.com |
| 17 | Martin H. Kresse | mkresse1@earthlink.net, |
| 18 | C. Laine Lucas | lainelucas@bindermalter.com, |
| 19 | Julian W. Mack | pmack@ buchalter.com, |
| 20 | Frank M. Pitre | fpitre@cpsmlaw.com, mnewman@cpsmlaw.com |
| 21 | Elizabeth C Pritzker | epritzker@cpsmlaw.com, zml@girardgibbs.com |
| 22 | Dori Lynn Yob | dyob@hopkinscarley.com, ash@hopkinscarley.com |

23

24 Jennifer Coleman
Jeffer Mangels Butler & Marmaro LLP
Two Embarcadero Center
25 Fifth Floor
San Francisco, CA 94111-3824
26

27 Tod C. Gurney         tgurney@hopkinscarley.com, ttellez@hopkinscarley.com
Hopkins & Carley
70 S. First Street
28 San Jose, CA 95113

7

Case No. C 03-03394 JF (PVT), C 03-04829 JF (PVT), and C 03-05871 JF (HRL)
MEMORANDUM OF INTENDED DISPOSITION
(JFLC1)

| | |
|---|---|
| 1 | Nanci E. Nishimura<br>Cotchett Pitre Simon & McCarthy |
| 2 | 840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 |
| 3 | |
| 4 | Peter G. Bertrand<br>Buchalter Nemer Fields & Younger |
| 5 | 333 Market Street, 29th Floor<br>San Francisco, CA 94105-2130 |
| 6 | Heinz Binder<br>Binder & Malter LLP |
| 7 | 2775 Park Avenue<br>Santa Clara, CA 95050 |
| 8 | |
| 9 | Robert G. Harris<br>Binder & Malter, LLP |
| 10 | 2775 Park Avenue<br>Santa Clara, CA 95050 |
| 11 | USBC Manager-San Jose<br>US Bankruptcy Court |
| 12 | 280 South First Street<br>Room 3035 |
| 13 | San Jose, CA 95113 |
| 14 | Arthur S. Weissbrodt<br>U.S. Bankruptcy Court |
| 15 | 280 South First Street<br>Room 3035 |
| 16 | San Jose, CA 95113 |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

8

Case No. C 03-03394 JF (PVT), C 03-04829 JF (PVT), and C 03-05871 JF (HRL)
MEMORANDUM OF INTENDED DISPOSITION
(JFLC1)